JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar, pursuant to App.R. 11.1 and Loc.App.R. 11.1, the record of the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory opinion. Crawford v. Eastland ShoppingMall (1983), 11 Ohio Ap.3d 158.
 {¶ 2} Defendant-appellant Christopher Barcomb appeals the trial court's imposition of a six-month sentence following his guilty plea to one count of theft, a violation of R.C. 2913.12, a felony of the fifth degree.
 {¶ 3} Defendant had lived with his brother, who lived next door to the victim, a young girl, with whom defendant was casually friendly. During a conversation, she mentioned that she and her friends really wanted to see a Dave Matthews concert which was coming up. Defendant informed her that his sister was a concert promoter in Florida and could obtain not only tickets but also backstage passes for her and her friends. Despite the fact that his sister told him that she could do no such thing, defendant encouraged the victim to collect the money from her friends for tickets. The victim collected $1,500.00 for tickets and passes to the concert. She gave the money to defendant, who assured her over the course of a month that the tickets and passes were forthcoming. Without delivering the tickets, defendant left for Florida five days before the concert.
 {¶ 4} He was extradited back to Ohio and pleaded guilty to theft. After his plea, the court sentenced him to six months, the minimum term for a fifth degree felony, and required full restitution. Defendant appealed.
 {¶ 5} Defendant states one assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN IMPOSING A TERM OF INCARCERATION ABSENT THE EXISTENCE OF FACTORS JUSTIFYING INCARCERATION INSTEAD OF A COMMUNITY CONTROL SANCTION."
 {¶ 7} Defendant claims that the trial court erred when it imposed a prison sentence on him. A review of the record, however, shows that he never filed for a stay of this sentence; he began serving it on August 28, 2001, with credit for 51 days served. A six-month sentence, therefore, would have expired in January of 2002. The appeal of this case was not heard until April of 2002. Any appeal of a sentence already served is moot. State v. Pompei (Oct. 25, 2001), Cuyahoga App. No. 79541, 2001 Ohio App. LEXIS 5052; State v. Smith (Mar. 22, 2002), Lake App. No. 2000-L-195, 2002 Ohio App. LEXIS 1341; State v. Beamon (Dec. 14, 2001), Lake App. No. 2000-L-160, 2001 Ohio App. LEXIS 5655.
 {¶ 8} "If an individual has already served his sentence, there is no collateral disability of loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction. Therefore, appellant's assertion that the trial court erred in determining the length of that sentence is a moot issue because appellant has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue." Beamon at *4. Similarly here, because defendant already completed his sentence, he can no longer appeal it.
 {¶ 9} Although defendant's appeal of his sentence is moot, however, we note that the court erred when it stated in its judgment entry, "POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR THE MAXIMUM PERIOD ALLOWED FOR THE FELONY(S) UNDER R.C. 2967.28" Judgment entry of August 27, 2001, total capitals in original. The trial court does not have the authority to impose post-release control. Although the court must inform the defendant he could be subject to post-release control, both the imposition and length of such control are controlled by the parole board on the authority of R.C. 2967.28, which states in pertinent part:
 {¶ 10} "Any sentence to a prison term for a felony of the third, fourth, or fifth degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender." (Emphasis added.) R.C. 2967.28(C).
{¶ 11} Thus, the parole board, not the court, decides whether post-release control will be imposed on defendant.
 {¶ 12} But the court is obliged to provide notice to the defendant:
 {¶ 13} "Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 {¶ 14} "* * *
 {¶ 15} "(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months." (Emphasis added.) R.C. 2943.032.
 {¶ 16} At the sentencing hearing, the trial court informed defendant:
 {¶ 17} "If you are incarcerated, upon release the parole board can place you on post release control status. That involves certain terms and conditions. If you fail to comply with those terms and conditions, the parole board could return you to prison for an additional stay up to one half of this Court's original sentence. Do you understand?" Tr. at 9.
 {¶ 18} Defendant replied that he understood. Thus although the court informed defendant that he was subject to post-release control, it erred in its journal entry when it stated that it was making post-release control a part of the sentence and that it was imposing the maximum allowable time on that post-release control.
 {¶ 19} Although defendant's appeal is moot because he has already served his prison term, we will address the issue because it impacts his eligibility for post release control.
 {¶ 20} Defendant argues that the trial court failed to make the requisite findings for imposing a prison sentence in lieu of community control sanctions, contrary to the guidelines in Senate Bill 2. R.C.2929.13(B)(1)(a) states in pertinent part:
 {¶ 21} "[I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine
 {¶ 22} whether any of the following apply:
 {¶ 23} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 24} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 25} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 26} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 27} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 28} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322 [2907.32.2], 2907.323
[2907.32.3], or 2907.34 of the Revised Code.
 {¶ 29} "(g) The offender previously served a prison term.
 {¶ 30} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance. "(i) The offender committed the offense while in possession of a firearm.
 {¶ 31} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 32} If one of the listed factors applies, the court then is required to address the R.C. 2929.12 recidivism and seriousness factors as well as the R.C. 2929.11 principles behind felony sentencing. If the court then determines that the offender is not amenable to community control sanctions, it then is required to impose a prison term on the offender. In the case at bar, none of the factors applies.
 {¶ 33} On the other hand, R.C. 2929.13(B)(2)(b) also states circumstances in which the court is required to impose a sentence of community control sanctions. It states in pertinent part:
 {¶ 34} "[I]f the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender." R.C. 2929.13(B)(2)(b).
 {¶ 35} In that instance, the court is required to impose a sentence of community control sanctions. However, if the court finds that community control sanctions are not consistent with the principles set forth in R.C. 2929.11, it may impose a prison sentence.
 {¶ 36} The principles stated in R.C. 2929.11(A) are:
 {¶ 37} "[T]o protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 38} The trial court found that "in order to protect the public from future crime by Mr. Barcomb, and to punish the severity of this crime, I feel a prison sentence is appropriate." Tr. at 20. The court also noted that defendant had previously been convicted of burglary and violated his probation in that offense.
 {¶ 39} "I find that Mr. Barcomb would not be a good candidate for a sentence of community control despite the presumption. He has a prior felony conviction for burglary, which is a type of theft offense, and he violated his probation on that." Tr. at 19.
 {¶ 40} The court made the necessary findings, therefore, to show that the imposition of a prison sentence was consistent with the principles of R.C. 2929.11.
 {¶ 41} Further, however, "R.C. 2929.13(B)(2) requires a trial court to consider the general sentencing factors of R.C. 2929.12 in addition to the factors of R.C. 2929.13(B)(1)." State v. Banks (Nov. 20, 1007), Cuyahoga App. No. 72121, 1997 Ohio App. LEXIS 5201, at *10. R.C.2929.12 states in pertinent part:
 {¶ 42} "[T]he court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). The applicable factors found in R.C. 2929.12(B) include,
 {¶ 43} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 44} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 45} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 46} "* * *
 {¶ 47} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 48} "* * *" R.C. 2929.12(B), (emphasis added).
 {¶ 49} The court found the "[h]arm caused to the young girl, the trust that was violated" to be significant, indicating a psychological injury to the victim because of her age. Tr. at 20. Because she was his neighbor, "defendant took advantage of a young girl's trust, and defrauded her, and those she sold tickets to, of fifteen hundred dollars." Tr. at 18. The loss of fifteen hundred dollars, especially when the victim had to repay her friends, is a significant economic harm.
 {¶ 50} In addition to considering the factors in section (B), the court is required to consider the factors in section (D) of R.C. 2929.12.
 {¶ 51} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 52} "* * *
 {¶ 53} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions." R.C. 292912(D)(3), emphasis added.
 {¶ 54} The court found that defendant had failed to respond favorably to his prior community control sanctions.
 {¶ 55} R.C. 2929.12(C) and (E) also address mitigating factors for the court to consider when imposing a sentence:
 {¶ 56} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 57} "* * *
 {¶ 58} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 59} "* * *
 {¶ 60} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 61} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 62} "* * *
 {¶ 63} "(5) The offender shows genuine remorse for the offense."
 {¶ 64} The crime clearly did not involve any physical harm to person or property, and in discussing defendant's prior criminal history, the court made no mention of a juvenile record. Finally, defendant did express remorse for the crime. He stated, "I screwed up. I willfully admit it. I committed it. All I can ask is to have a little bit of leniency, and hopefully, I'll be able to make everything a little better towards the victims of this crime." Tr. at 16. Although he never actually apologized, he did acknowledge his responsibility. The court never specifically addressed these factors in its sentencing statement, but "Revised Code 2929.13(B)(2)(b) requires a court merely to consider R.C.2929.12, not to make specific findings." Banks at *11, emphasis in original. With all the findings the trial court did make in addressing the R.C. 2929.12 factors, it exceeded the Senate Bill 2 requirements when it sentenced defendant.
 {¶ 65} This case is remanded to the trial court for correction of its journal entry.
This cause is remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.